| | |
|---|---|
| 1 | Brandon P. Leahy (SBN 298064) |
| 2 | **DUANE MORRIS LLP**<br>Spear Tower |
| 3 | One Market Plaza. Suite 2200<br>San Francisco, CA 94105-1127 |
| 4 | Telephone: +1 415-957-3000<br>Fax:  +1 415-957-3001 |
| 5 | Email:  bleahy@duanemorris.com |
| 6 | Attorneys for Plaintiff |
| 7 | MICHAEL GRECCO PRODUCTIONS, INC. |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# (SAN FRANCISCO DIVISION)

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | Case No.:  3:16-cv-4937 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| AVIA ESSENTIALS, LLC dba ONLY SIERRA, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Michael Grecco Productions, Inc. ( "Plaintiff"), by its undersigned attorneys, Duane Morris LLP, for its Complaint alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501, *et seq*. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2. Plaintiff is a photography studio and film production business owned and operated by award-winning commercial  photographer and film director Michael Grecco.  Plaintiff is the successor by corporate name change to Michael Grecco Photography, Inc.  Plaintiff is incorporated under the laws of California and has a principal place of business of 1701 Pier Avenue, Santa

Monica, CA 90405.

3. Upon information and belief, defendant Avia Essentials, LLC d/b/a Only Sierra ("Defendant") is an online retail store operating through the interactive website <http://www.OnlySierra.com> (the "Website"). On its "Our Story" page, Defendant describes itself as a "relatively young store," using its "experience in sourcing and designing to bring you interesting items that will make you look and feel great." Defendant is organized under the laws of Florida and lists on its website a business address of 4195 Tamiami Trail South PMB 123, Venice, FL 34293. At all times relevant to the claims asserted in this lawsuit, Defendant owned and operated the aforementioned Website.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101, *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant solicits, transacts, and/or is doing business on an ongoing basis within the State of California and within this Judicial District, including without limitation by offering for sale, selling, and/or advertising its infringing products on the Website.

6. Personal jurisdiction is proper for the additional reason that Defendant is operating the Website through the web hosting service Shopify, which has its only United States office at 483 Pine Street, San Francisco, CA 94104, as listed on Shopify's "Contact" page (see https://www.shopify.com/contact).

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District and, as mentioned above, the infringement is specifically made possible by the web hosting service Shopify, which has its only United States office in this Judicial District.

/ / /

/ / /

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**A. Plaintiff's Business**

8. Plaintiff is known for its iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for major media companies and brands. Among its many valuable photographs, Plaintiff is the author and exclusive owner of all copyrights in a photographic image taken in 2009 of model April Hutchings (the "Copyrighted Work"), which after being registered as unpublished with the United States Copyright Office was licensed for use on the Reiss Clothing Blog, as seen at <https://www.reiss.com/us/explore/guest-stylist/macandmir/>. Attached hereto as **Exhibit A** is a copy of the original photographic image that is the Copyrighted Work.

9. The United States Copyright Office issued Plaintiff a registration for the Copyrighted Work, effective on April 27, 2009, as part of the works entitled Grecco Photography 1/25/09 to 4/19/09. Attached hereto as **Exhibit B** is a copy of the certificate for Registration Number VAu 1-017-645 obtained from the United States Copyright Office.

10. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

11. Plaintiff has the exclusive right to reproduce, display, and distribute the Copyrighted Work, and to prepare derivative works based upon the Copyrighted Work.

**B. Defendant's Unlawful Activities**

12. Upon information and belief, Defendant operated and continues to operate the Website, where Defendant conducts commercial activity, including the sale of cheap and kitschy clothes, accessories, and other items.

13. In 2016, Plaintiff discovered that Defendant was infringing its exclusive copyright in the Copyrighted Work by reproducing, distributing and/or publicly displaying the Copyrighted Work on the "Home" page of the Website.

14. Specifically, Plaintiff discovered the timely registered Copyrighted Work being reproduced, distributed and publicly displayed, without Plaintiff's authorization, on the Website, at the following URL: http://www.onlysierra.com

///

15. A copy of the Defendant's infringing reproduction, distribution and public display of the Copyrighted Work is attached hereto as **Exhibit C**.

16. Defendant's unauthorized reproduction, distribution, and public display of the Copyrighted Works shall be referred to hereinafter as the Infringing Work.

17. Defendant created and used the Infringing Work for the commercial purpose of promoting its online clothing store and profiting from the advertising revenue generated by its Website. Defendant sought to profit, and has profited, from the Infringing Work, with the intention of not paying the Plaintiff for a license or other permission to reproduce, display, distribute or otherwise use his Copyrighted Work.

18. On information and belief, because the Website displays a © symbol next to the name "Only Sierra" at the bottom of the Website, Defendant is aware of the significance of copyright ownership and is further aware that the copyrights in photographs that Defendant may find on the internet are owned by either the original photographer or an assignee or exclusive licensee, and that Defendant may not simply appropriate photographs found on the internet for its own commercial use without paying compensation to the owners of those copyrights.

19. The metadata embedded in the Copyrighted Work and reproduced in the Infringing Work identifies Michael Grecco as the author of the image. As a result, on information and belief, Defendant has known whom to contact in order to request a license or permission to use the Copyrighted Work, and its failure to do so reflects an intention to profit from its infringement of the Copyrighted Work without paying any license fee, royalty or other compensation to the Plaintiff.

## CLAIM FOR RELIEF

## DIRECT COPYRIGHT INFRINGEMENT

## (17 U.S.C. § 101 *et seq*.)

20. Plaintiff realleges paragraphs 1 through 19 above and incorporates them by reference as if fully set forth herein.

21. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff owns the sole and exclusive copyrights in the Copyrighted Work, including without limitation the right to sue

for infringement.

22. Upon information and belief, as a result of Defendant's reproduction, distribution and public display of the Copyrighted Work and Plaintiff's publication of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's Infringing Work.

23. By its actions set forth above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing the Copyrighted Work without permission and distributing and publicly displaying the Infringing Work.

24. Upon information and belief, Defendant's infringement of Plaintiff's copyrights has been willful and deliberate, and Defendant has profited at the expense of Plaintiff.

25. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each Copyright Work infringed, or such other amounts as may be proper. Alternately, and at Plaintiff's election, pursuant to 17 U.S.C. 504(b), Plaintiff is entitled to recover damages based on Plaintiff's lost profits and the disgorgement of Defendant's profits in connection with its infringements of Plaintiff's exclusive rights in the Copyrighted Work, which amounts will be established at trial.

26. Plaintiff is entitled to an award of its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

27. Defendant's conduct has caused irreparable injury to Plaintiff, which will continue unless Defendant's infringing conduct is enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights in the Copyrighted Work in violation of the Copyright Act;

2. A declaration that such infringement has been willful;

3. An award of Plaintiff's actual damages and a disgorgement of Defendant's profits, under 17 U.S.C. § 504(b), as shall be determined at trial, or, at Plaintiff's election, an award of

statutory damages in an amount determined at trial, pursuant to 17 U.S.C. §§ 504(c);

    4.    An award of Plaintiff's costs and expenses incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

    5.    An award of Plaintiff's interest, including pre-judgment interest, on the foregoing sums;

    6.    A permanent injunction prohibiting Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

    (a)    directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Copyrighted Work or to participate or assist in any such activity; and

    (b)    directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Work or Infringing Work.

    7.    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully Submitted

Dated: August 26, 2016        **DUANE MORRIS LLP**

By:   */ s / Brandon P. Leahy*
      Brandon P. Leahy (SBN 298064)
      Attorneys For Plaintiff
      MICHAEL GRECCO PRODUCTIONS, INC.

# **EXHIBIT A**



# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**VAu 1-017-645**

**Effective date of registration:**

April 27, 2009

---

## Title

**Title of Work:** Grecco Photography 1/25/09 to 4/19/09
**Nature of Work:** Photographs

## Completion/Publication

**Year of Completion:** 2009

## Author

- **Author:** Michael Grecco Photography, Inc.
  **Author Created:** Photographs
  **Work made for hire:** Yes
  **Domiciled in:** United States
  **Anonymous:** Yes     **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Michael Grecco Photography, Inc.
1701 Pier Avenue, Santa Monica, CA 90405

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** Michael Grecco
**Date:** April 19, 2009

**Correspondence:** Yes

**Registration #:** VAU001017645

**Service Request #:** 1-224116489

Michael Grecco Photography, Inc.
1701 Pier Avenue
Santa Monica, CA 90405



# **EXHIBIT C**





USD

Search...

Home  Products  Blog  About us  Cart



# Welcome To Trading Post Store

Sorry , we're so TRENDY

SHOP NOW

## Sign Up for our Newsletter

Enter your email address...   Sign Up

Subscribe to our newsletter and always be the first to hear about what is happening.

## Main menu

Home
Products
Blog
About us

## Products

Search
About us

## Social

© 2016 Trading Post Store.

Designed by Out of the Sandbox. Powered by Shopify

